PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK D. MURPHY, | ) | |
| | ) | CASE NO.  4:22-CV-1936 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| NORTHEAST OHIO CORRECTIONAL, | ) | |
| CENTER, *et al.*, | ) | **ORDER** |
| Defendants. | ) | [Resolving ECF No. 29] |

Pending before the Court is Plaintiff's Motion to Consolidate Actions.  ECF No. 29.
Plaintiff Frank D. Murphy requests the consolidation of *Murphy v. Northeast Ohio Correctional Center*, 4:22-cv-1936 as a related case to *Huffman v. Northeast Ohio Correctional Center*, 4:23-cv-0043.  *See* ECF No. 29.  Defendants object to this Motion.  *See* ECF No. 31.  For the following reasons, the Court grants Plaintiff's Motion to Consolidate Actions (ECF No. 29).

Federal Rule of Civil Procedure 42(a)(2) provides that if multiple actions "before the court involve a common question of law or fact, the court may . . . consolidate the actions."  Fed R. Civ. P. 42(a)(2).  It is well-settled that the determination of "[w]hether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial judge." *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965).  When faced with a Motion to Consolidate Actions, courts must consider the following factors:

> [W]hether the specific risks of prejudice and possible confusion
> [are] overborne by the risk of inconsistent adjudications of
> common factual and legal issues, the burden on parties, witnesses
> and available judicial resources posed by multiple lawsuits, the
> length of time required to conclude multiple suits as against a
> single one, and the relative expense to all concerned of the single-

(4:22-CV-1936)

trial, multiple-trial alternatives.

*Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993).

Plaintiff moves the Court to consolidate this action with another pending action before the Court, *Huffman v. Northeast Ohio Correctional Center*, Case No. 4:23-cv-0043.  He argues that the two actions involve nearly identical factual and legal issues, the same counsel for both parties, and the same Defendants.  ECF No. 29 at PageID #: 109.  Plaintiff also states that the plaintiffs in both cases are going to be called as witnesses in their respective cases.  ECF No. 29 at PageID #: 109.  Defendants concede that the factual impetus is the same for both actions but argue that the unique circumstances of the plaintiffs' medical care and damages do not warrant the consolidation of these actions.  ECF No. 31 at PageID #: 132.

Despite Defendants' allegations that the two plaintiffs' circumstances differ, such differences are not apparent on the face of the pleadings.  The Court finds that consolidating these two actions on the basis of their legal and factual similarity is in the best interest of preserving judicial economy and avoiding inconsistent adjudications.  In both cases, the two plaintiffs bring negligence and 42 U.S.C. § 1983 claims against the same Defendants.  *See* ECF No. 23 (4:22-cv-1936); ECF No. 8 (4:23-cv-0043). They also both allege that they were denied new wheelchair cushions, which led them to suffer similar injuries.  *See* ECF No. 23 (4:22-cv-1936); ECF No. 8 (4:23-cv-0043).  The briefs filed in relation to Defendants' Motions for Judgment on the Pleadings in both cases (ECF No. 30 (4:22-cv-1936); ECF No. 22 (4:23-cv-0043)) are nearly identical with the exception of a few minor details such as the dates on which the plaintiffs suffered their alleged injuries.  Furthermore, the risk of prejudice to Defendants and the possibility of confusing essentially identical facts in these two cases are low.

2

(4:22-CV-1936)

Accordingly, Plaintiff's Motion to Consolidate Actions (ECF No. 29) is granted.  Going forward, parties shall file all documents with captions identifying both *Murphy v. Northeast Ohio Correctional Center* and *Huffman v. Northeast Ohio Correctional Center*.  The parties in both cases are hereby ordered to comply with the following case management schedule set in the *Murphy v. Northeast Ohio Correctional Center* case[1]:

- Discovery, including expert discovery, cutoff date: September 29, 2023

  o Response reports cutoff date: October 30, 2023

- Dispositive motions cutoff date: November 1, 2023

  o Reponses filed by: December 1, 2023

  o Replies filed by: December 15, 2023

IT IS SO ORDERED.


August 3, 2023                                              */s/ Benita Y. Pearson*
Date                                                        Benita Y. Pearson
                                                           United States District Judge

---

[1] The motion for extension of time filed in *Huffman v. Northeast Ohio Correctional Center*, 4:23-cv-0043, at ECF No. 19, is denied as moot.  Counsel is reminded that the Court takes great care in setting the schedule best designed to meet the needs of the litigation.  Going forward, counsel is expected to adhere to the Court's orders and timely file motions and notices to the docket.