PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK D. MURPHY, | ) | |
| | ) | CASE NO.  4:22-CV-1936 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| NORTHEAST OHIO CORRECTIONAL, | ) | |
| CENTER, *et al.*, | ) | **ORDER** |
| Defendants. | ) | [Resolving ECF No. 30] |

| | | |
|---|---|---|
| DOW R. HUFFMAN, | ) | |
| | ) | CASE NO.  4:23-CV-0043 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| NORTHEAST OHIO CORRECTIONAL, | ) | |
| CENTER, *et al.*, | ) | **ORDER** |
| Defendants. | ) | [Resolving ECF No. 22] |

Pending before the Court are Defendants' Motions for Judgment on the Pleadings in the above-captioned cases.  ECF No. 30 (4:22-cv-1936); ECF No. 22 (4:23-cv-0043).  These two related cases have been consolidated since the filing of these motions.  Both matters have been fully briefed.  For the following reasons, the Court denies both of Defendants' Motions.

**I. Background**

Plaintiffs Frank D. Murphy and Dow R. Huffman, at all relevant times, were inmates under the care, custody, and control of Northeast Ohio Correctional Center ("NEOCC"), which is owned and operated by CoreCivic, Inc.  *See* ECF No. 30 at PageID #: 112 (4:22-cv-1936); ECF

(4:22-CV-1936)

(4:23-CV-0043)

No. 22 at PageID #: 114 (4:23-cv-0043).  Plaintiffs are both paraplegics who are confined to wheelchairs that require Roho cushions or comparable apparatus.  ECF No. 23 at PageID #: 93; ECF No. 8 at PageID #: 70.  In 2020, Plaintiffs requested replacement wheelchair cushions, which Defendants failed to provide.[1]  Plaintiffs allege that because Defendants denied them new wheelchair cushions, they developed bedsores on their buttocks and suffered growing and hardening "knots" in that region along with ulcerated open wounds.  ECF No. 23 at PageID #: 94 (4:22-cv-1936); ECF No. 8 at PageID #: 70 (4:23-cv-0043).

Plaintiff Murphy filed his initial complaint on September 27, 2022 (ECF No. 1-1 at PageID #: 8 (4:22-cv-1936)) and Plaintiff Huffman filed his initial complaint on March 11, 2022 (ECF No. 1-1 at PageID #: 12 (4:23-cv-0043)).  Both complaints brought negligence and 42 U.S.C. § 1983 claims against NEOCC and John Doe.  ECF No. 1-1 at PageID #: 8 (4:22-cv-1936); ECF No. 1-1 at PageID #: 12 (4:23-cv-0043).  Upon becoming aware that NEOCC is not a legal entity, Plaintiffs amended their complaints to add CoreCivic, Inc. as a defendant.  ECF No. 23 (4:22-cv-1936); ECF No. 8 (4:23-cv-0043).

Defendants now bring Motions for Judgment on the Pleadings, requesting that the Court dismiss Plaintiffs' claims for failure to state cognizable claims.  *See* ECF No. 30 (4:22-cv-1936); ECF No. 22 (4:23-cv-0043).  Plaintiffs filed responses opposing only two parts of Defendants' Motions.  ECF No. 32 (4:22-cv-1936); ECF No. 23 (4:23-cv-0043).  Defendants filed replies in

---

[1] Plaintiff Murphy alleges that he was denied a cushion between October 7, 2020 and April 6, 2021.  ECF No. 23 at PageID #: 93 (4:22-cv-1936).  Plaintiff Huffman alleges that he was denied a cushion between March 19, 2020 and September 12, 2020.  ECF No. 8 at PageID #: 70 (4:23-cv-0043).

2

(4:22-CV-1936)

(4:23-CV-0043)

support of its Motions.  ECF No. 34 (4:22-cv-1936); ECF No. 26 (4:23-cv-0043).   The briefs filed in both cases are substantially similar.

## II. Standard of Review

The standard for deciding a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is indistinguishable from the standard for dismissals based on failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003); *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001) (citing *Mixon v. Ohio*, 193 F.3d 389, 399–400 (6th Cir. 1999)).  In deciding a motion for judgment on the pleadings under Rule 12(c), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to Plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.  The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (citing authorities).

In other words, claims set forth in a complaint must be plausible, rather than conceivable. *Id.* at 570.  "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  The factual allegations in the complaint "must contain something more . . . than . . . a statement of

3

(4:22-CV-1936)

(4:23-CV-0043)

facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, p. 235–36 (3d ed. 2004)).  In addition to reviewing the claims set forth in the complaint, a court may also consider exhibits, public records, and items appearing in the record of the case as long as the items are referenced in the complaint and are central to the claims contained therein.  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Erie Cty., Ohio v. Morton Salt, Inc.,* 702 F.3d 860, 863 (6th Cir. 2012).

### III. Discussion

Defendants' Motions argue that the Court should dismiss Plaintiffs' claims for the following six reasons:

1. NEOCC is a non-legal entity and is, therefore, not subject to suit.

2. Plaintiffs' medical negligence claims are time-barred.

3. Plaintiffs' general negligence and 42 U.S.C. § 1983 claims are time-barred.

4. Plaintiffs fails to state 42 U.S.C. § 1983 claims against Defendant CoreCivic, Inc.

5. Plaintiffs' claims against Defendant John Doe fails.

6. Plaintiffs' negligence claims against Defendant CoreCivic Inc. are subject to dismissal by way of immunity set forth in Am. Sub. H.B. 606.

*See* ECF No. 30 (4:22-cv-1936); ECF No. 22 (4:23-cv-0043).  Plaintiffs do not oppose reasons 1, 2, 4, and 5.  Plaintiffs concede that NEOCC was improperly named as a defendant and cannot be sued.  *See* ECF No. 32 at PageID #: 134 (4:22-cv-1936); ECF No. 23 at PageID #: 133 (4:23-cv-0043).  They state that they neither brought medical negligence claims nor 42 U.S.C. § 1983 claims against Defendant CoreCivic. Inc.  ECF No. 32 at PageID #: 134 (4:22-cv-1936); ECF No. 23 at PageID #: 133 (4:23-cv-0043).  Lastly, they confirm that they are abandoning their

4

(4:22-CV-1936)

(4:23-CV-0043)

claims against Defendant John Doe.  ECF No. 32 at PageID #: 134 (4:22-cv-1936); ECF No. 23 at PageID #: 133 (4:23-cv-0043).

Given Plaintiffs' concessions, only Plaintiffs' negligence claims against Defendant CoreCivic, Inc. remain unresolved.  Accordingly, the Court will only address the two issues that Plaintiffs dispute: 1) whether Plaintiffs' negligence claims are time-barred and 2) whether Plaintiffs' negligence claims against Defendant CoreCivic, Inc. are subject to dismissal by way of immunity set forth in Am. Sub. H.B. 606.

## A.  Statute of Limitations on Negligence Claims

Defendants argue that Plaintiffs' negligence claims are time-barred in accordance with Ohio state law.  *See* ECF No. 30 at PageID #: 114–15 (4:22-cv-1936); ECF No. 22 at PageID #: 116–17 (4:23-cv-0043).  More specifically, Ohio law dictates that "an action upon a medical, dental, optometric, or chiropractic claim shall be commenced within one year after the cause of action accrued."  Ohio Rev. Code Ann. § 2305.113(A).  Ohio law defines a medical claim as:

> any claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a licensed practical nurse, registered nurse, advanced practice registered nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, and that arises out of the medical diagnosis, care, or treatment of any person.

Ohio Rev. Code Ann. § 2305.113(E)(3).  A claim resulting "from acts or omissions in providing medical care" are considered medical claims by statute.  *Id.*  Although denying Plaintiffs wheelchair cushions constitutes an omission in providing medical care pursuant Ohio Rev. Code Ann. § 2305.113(E)(3), Defendants fail to provide any evidence to support the implicit assertion that Defendant CoreCivic, Inc. is a medical provider.  *See* ECF No. 30 at PageID #: 115 (4:22-

5

(4:22-CV-1936)

(4:23-CV-0043)

cv-1936); ECF No. 22 at PageID #: 115–16 (4:23-cv-0043).  Therefore, the Court will not

conduct a statute of limitations analysis in accordance with Ohio Rev. Code Ann. § 2305.113(A).

Alternatively, Defendants argue that Plaintiffs' claims are time-barred when viewed as

general negligence claims.  *See* ECF No. 34 at PageID #: 143–44 (4:22-cv-1936)*;* ECF No. 26 at

PageID #: 150–51(4:23-cv-0043).    In that context, "an action for bodily injury or injuring

personal property shall be brought within two years after the cause of action accrues." Ohio Rev.

Code Ann. § 2305.10(A).  Plaintiff Murphy alleges that Defendant John Doe denied him a

wheelchair cushion between October 7, 2020 and April 6, 2021.  ECF No. 23 at PageID #: 93

(4:22-cv-1936).  Plaintiff Huffman alleges that Defendant John Doe denied him a wheelchair

cushion between March 19, 2020 and September 12, 2020.  ECF No. 8 at PageID #: 70 (4:23-cv-

0043).  In accordance with Ohio state law,  it follows that Plaintiff Murphy was required to file

his complaint by April 6, 2023, and Plaintiff Huffman was required to file his complaint by

September 12, 2022.  *See* Ohio Rev. Code Ann. § 2305.10(A).  Both Plaintiffs timely filed their

initial complaints claiming negligence against Defendants within Ohio's statute of limitations.[2]

*See* ECF No. 1-1 at PageID #: 8 (4:22-cv-1936); ECF No. 1-1 at PageID #: 12 (4:23-cv-0043).

Subsequently, Plaintiffs filed amended complaints, properly naming CoreCivic, Inc. as a

defendant[3].  *See* ECF No. 23 (4:22-cv-1936); ECF No. 8 (4:23-cv-0043).   "Federal Rule of Civil

Procedure 15(c) governs whether newly asserted claims or allegations in an amended pleading

---

[2] Plaintiff Murphy filed his initial Complaint on September 27, 2022 (ECF No. 1-1 at PageID #: 8 (4:22-cv-1936)) and Plaintiff Huffman filed his initial Complaint on March 11, 2022 (ECF No. 1-1 at PageID #: 12 (4:23-cv-0043)).

[3] Plaintiff Murphy filed his most recent amended complaint on April 20, 2023.  ECF No. 23 (4:22-cv-1936).  Plaintiff Huffman filed his most recent amended complaint on April 11, 2023.  ECF No. 8 (4:23-cv-0043).

6

(4:22-CV-1936)

(4:23-CV-0043)

relate back to the date of the original pleading with the effect that the new pleading is 'timely even though it was filed outside of an applicable statute of limitations.'" *Durand v. Hanover Ins. Grp., Inc.*, 806 F.3d 367, 374–75 (6th Cir. 2015) (quoting *Krupski v. Costa Crociere S.p.A.,* 560 U.S. 538, 541 (2010)).  "An amendment of a pleading relates back to the date of the original pleading when…the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).  "The criterion of relation back is whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one." *Santamarina v. Sears, Roebuck & Co.,* 466 F.3d 570, 573 (7th Cir. 2006).

Plaintiffs' amended complaints primarily clarified the identity of the proper defendant, CoreCivic, Inc.  *See* ECF No. 23 (4:22-cv-1936); ECF No. 8 (4:23-cv-0043).  Their amended complaints made no changes to the claims that arose out of the conduct in their original pleadings.  *See* ECF No. 23 (4:22-cv-1936); ECF No. 8 (4:23-cv-0043).  Therefore, the Court must determine whether Defendants were provided sufficient notice.

Defendants do not dispute the assertion that they received both Plaintiffs' initial complaints at the Northeast Ohio Correctional Center ("NEOCC") facility in Youngstown, Ohio. *See* ECF No. 30 at PageID #: 114–15 (4:22-cv-1936); ECF No. 22 at PageID #: 116–17 (4:23-cv-0043); *see also* ECF No. 34 at PageID #: 143–44 (4:22-cv-1936);  ECF No. 26 at PageID #: 150–51 (4:23-cv-0043).  Additionally, Defendants make clear in their briefs that they were aware that "NEOCC is . . . owned and operated by CoreCivic and . . . not subject to suit." ECF No. 30 at PageID #: 113 (4:22-cv-1936); ECF No. 22 at PageID #: 115 (4:23-cv-0043).  Furthermore, Defendants should have known, within the time period authorized by Rule 4(m), that CoreCivic,

7

(4:22-CV-1936)

(4:23-CV-0043)

Inc. was not named as a defendant in either of Plaintiffs' complaints only because Plaintiffs misidentified the proper entity to name in their suits.  *See e.g.*, *Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 554–55 (2010)*.  The Court concludes that Defendants had constructive notice of Plaintiffs' complaints within the Rule 4(m), and, but-for Plaintiffs' mistake regarding the proper party's identity, were not named in the original complaints.  Thus, the Court finds that Plaintiffs' amended complaints relate back to the filing of their initial complaints, and the negligence claims are not time-barred.

## B. **Immunity Set Forth in Am. Sub. H.B. 606**

Defendants contend that they qualify for civil immunity pursuant to Am. Sub. H.B. 606 because NEOCC is a healthcare provider rendering healthcare services and CoreCivic is vicariously liable for NEOCC's provision of health care.  ECF No. 30 at PageID #: 120–21. Plaintiffs simply argue that Am. Sub. H.B. 606 is inapplicable to this action because they have not asserted medical claims against any "physician, podiatrist, hospital, home, residential facility, etc." as defined by Ohio Rev. Code Ann. § 2305.113(E)(3).

Am. Sub. H.B. 606 declares that qualified civil immunity applies to healthcare providers who offer health care and emergency services "during a government-declared disaster or emergency and for exposure to or transmission or contraction of certain coronaviruses." Am. Sub. H.B. 606.  The purpose of this bill was to protect healthcare workers from liability during the height of the COVID-19 pandemic.  *See* Am. Sub. H.B. 606.  Plaintiffs' allegations against Defendants are neither related to COVID-19 nor related to any "government-declared disaster or emergency." Am. Sub. H.B. 606; *see* ECF No. 23.  Furthermore, Plaintiffs only brought general negligence claims and not medical negligence claims.  Consequently, the Court finds that

8

(4:22-CV-1936)

(4:23-CV-0043)

Defendant CoreCivic, Inc does not qualify for immunity pursuant to Am. Sub. H.B. 606 and

Plaintiffs' negligence claims against Defendant CoreCivic, Inc. are not subject to dismissal.

### IV. Conclusion

Accordingly, Defendants' Motions for Judgment on the Pleadings (ECF No. 30 (4:22-cv-1936); ECF No. 22 (4:23-cv-0043)) are denied.  The Clerk of Court shall docket the within Order in both Case No. 4:22-cv-1936 and 4:23-cv-0043.


IT IS SO ORDERED.


| August 3, 2023 | /s/ Benita Y. Pearson |
| --- | --- |
| Date | Benita Y. Pearson<br>United States District Judge |

9