PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK D. MURPHY, | ) | |
| | ) | CASE NO.  4:22CV1936 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| NORTHEAST OHIO CORRECTIONAL, | ) | |
| CENTER, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 41] |

Pending before the Court is Defendant CoreCivic, Inc.'s Motion for Summary Judgment (ECF No. 41).  The motion has been fully briefed.  Having reviewed the parties' briefs, the record, and applicable law and been advised, the Court grants Defendant's motion.

## I.      Stipulated Facts

The stipulated facts[1] are as follows:

1.   Plaintiffs Frank Murphy and Dow Huffman were [individuals] incarcerated at Northeast Ohio Correctional Center ("NEOCC") during times relevant to their Complaints.

2.   NEOCC is owned and operated by CoreCivic.

3.   Plaintiff Murphy filed his original Complaint on September 27, 2022, naming NEOCC and John Doe as the defendants.

---

[1] *See* Notice of Stipulations Regarding Uncontested Facts (ECF No. 42 (4:22-cv-1936)).

(4:22CV1936)

4.   Plaintiff Huffman filed his original Complaint on March 11, 2022, naming NEOCC and John Doe as defendants.

5.   Plaintiff Murphy alleges that John Doe denied [Murphy] a cushion for his wheelchair from October 7, 2020 through April 6, 2021.

6.   Plaintiff Huffman alleges that John Doe denied [Huffman] a wheelchair cushion from March 19, 2020 through September 12, 2020.

7.   Plaintiffs Murphy and Huffman allege that as a result of being denied wheelchair cushions, they developed bedsores causing discomfort and pain.

8.   Plaintiffs alleged negligence and civil rights violations pursuant to 42 U.S.C. § 1983.

9.   Plaintiffs concede that only a negligence claim against CoreCivic remains. Thus, Defendants John Doe and Plaintiffs' § 1983 [claims] are dismissed.

10. Plaintiff Murphy received a replacement wheelchair cushion on August 12, 2020.

11. On February 11, 2021, another order was placed for a replacement wheelchair cushion of Plaintiff Murphy.

12. Plaintiff Murphy received a replacement cushion on March 18, 2021.

13. On March 19, 2020, an order was made for a replacement wheelchair cushion for Plaintiff Huffman.

14. Plaintiff Huffman's new wheelchair cushion was delivered to him on September 12, 2020.

2

(4:22CV1936)

## II.    Background

### A.  Plaintiff Murphy

On September 27, 2022, Murphy[2] filed his Complaint in Mahoning County's Court of Common Pleas.  ECF No. 1-1 at PageID #: 8 (4:22-cv-1936).  Plaintiff's Complaint alleged that NEOCC and John Doe negligently failed to provide Plaintiff with a substitute wheelchair cushion.  The action was removed to federal court.  ECF No. 1 (4:22-cv-1936).  Murphy later amended his Complaint to add Defendant CoreCivic, Inc.  ECF No. 23 (4:22-cv-1936).

### B.  Plaintiff Huffman

On March 11, 2022, Huffman[3] filed his Complaint in Trumbull County's Court of Common Pleas.  ECF No. 1-1 at PageID #: 12 (4:23-cv-43).  His Complaint also alleged that he was negligently denied a wheelchair cushion.  The matter was transferred to the Mahoning County Court of Common Pleas as the proper venue.  ECF No. 1-1 at PageID #: 10 (4:23-cv-43). The action was removed to federal court.  ECF No. 1 (4:23-cv-43).  Huffman also amended his Complaint to add CoreCivic, Inc. and John Doe.  ECF No. 7; ECF No. 8 (4:23-cv-43).

### C.  Consolidation of Cases

Murphy filed a motion to consolidate the actions, which the Court granted.  ECF No. 29; ECF No. 35 (4:22-cv-1936).

---

[2]  Murphy is no longer incarcerated.  Murphy was incarcerated at NEOCC during all times relevant to his claim.  ECF No. 42 at ¶ 1 (4:22-cv-1936).

[3]  Huffman is incarcerated at Pickaway Correctional Institution with an expected release date of June 1, 2029.  *See* ODRC Offender Search, https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A557282.  Huffman was incarcerated at NEOCC during all times relevant to his claim.  ECF No. 42 at ¶ 1 (4:22-cv-1936).

3

(4:22CV1936)

Defendants filed a motion for judgment on the pleadings, arguing (1) NEOCC should not have been named as a party; (2) Plaintiffs' medical negligence, negligence, and § 1983 claims are time-barred; (3) Plaintiffs failed to state a § 1983 claim against CoreCivic, Inc.; (4) Plaintiffs' claims against John Doe fail; and (5) Plaintiffs' negligence against CoreCivic, Inc. is subject to dismissal *via* immunity in Am. Sub. H.B. 606.  ECF No. 30 (4:22-cv-1936); ECF No. 22 (4:23-cv-43).

Plaintiffs conceded that NEOCC was improperly named and abandoned their claims against Defendant John Doe.[4]  ECF No. 36 at PageID #: 163–64 (4:22-cv-1936); ECF No. 28 at PageID #: 169–70 (4:23-cv-43).  The Court denied Defendants' motion, finding (1) Defendants failed to provide any evidence to support the implicit assertion that CoreCivic, Inc. is a medical provider; (2) Plaintiffs' Amended Complaints relate back to the filing of their initial Complaints, so their negligence claims are not time-barred; and (3) CoreCivic, Inc. does not qualify for immunity pursuant to Am. Sub. H.B. 606, so Plaintiffs' negligence claims are not subject to dismissal.  ECF No. 36 at PageID #: 164–65, 167–68 (4:22-cv-1936);  ECF No. 28 at PageID #: 170–71, 173–74 (4:23-cv-43).

Defendants filed the instant motion for summary judgment.  ECF No. 41 (4:22-cv-1936). Plaintiffs responded.  ECF No. 46 (4:22-cv-1936).

### III.    Standard of Review

"Summary judgment is appropriate when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Scola v. Publix Supermarkets, Inc.*, 557 F. App'x 458, 462 (6th Cir. 2014) (quoting Fed. R. Civ. P.

---

[4] The Court

4

(4:22CV1936)

56(a)).  The fact under dispute must be "material," and the dispute itself must be "genuine."  A fact is "material" only if its resolution will affect the outcome of the lawsuit.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  In determining whether a factual issue is "genuine," the Court assesses whether the evidence is such that a reasonable jury could find that the non-moving party is entitled to a verdict.  *Id*.  ("[Summary judgment] will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of an essential element in the pleadings, depositions, answers to interrogatories, and admissions on file.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "The trial court is not required to search the entire record to establish that a genuine issue of material fact exists."  *Malee v. Anthony & Frank Ditomaso, Inc.*, No. 1:16CV490, 2018 WL 1805402, at *2 (N.D. Ohio Apr. 16, 2018) (citing *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008)) (abrogated on other grounds).  "'[I]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c),' the court may determine that fact is undisputed."  *Malee,* No. 1:16CV490, 2018 WL 1805402, at *2 (quoting Fed. R. Civ. P. 56(e)(2)).

To survive summary judgment, the non-moving party "must 'do more than simply show that there is some metaphysical doubt as to the material facts.'"  *Baker v. City of Trenton*, 936 F.3d 523, 529 (6th Cir. 2019) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute.  An opposing party may not simply rely on its pleadings; rather, it must "produce evidence that results in a

(4:22CV1936)

conflict of material fact to be resolved" by a factfinder.  *KSA Enterprises, Inc. v. Branch Banking & Tr. Co.*, 761 F. App'x 456, 464 (6th Cir. 2019) (quoting *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995)).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Srouder v. Dana Light Axle Mfg., LLC*, 725 F.3d 608, 613 (6th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  In analyzing a motion for summary judgment, the Court "must view the evidence in the light most favorable to the nonmoving party."  *Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018) (citing *Latits v. Phillips*, 878 F.3d 541, 547 (6th Cir. 2017).

## IV.     Discussion

Defendants argue that Plaintiffs bring medical negligence claims that are time-barred. ECF No. 41 at PageID #: 186–89 (4:22-cv-1936).  In the alternative, Defendants assert that Plaintiffs received high quality medical care that was not negligent.  ECF No. 41 at PageID #: 190–92 (4:22-cv-1936).  Plaintiffs argue that CoreCivic, Inc. is not an enumerated medical provider, so the claims are "garden-variety negligence claims."  ECF No. 46 at PageID #: 1050 (4:22-cv-1936).  Plaintiffs also contend that there is a genuine issue of material fact as to whether Defendants were negligent in providing Plaintiffs with new wheelchair cushions.  ECF No. 46 at PageID #: 1051 (4:22-cv-1936).

### A.  Medical Negligence

Ohio Rev. Code § 2305.113(A) states that unless excepted "an action upon a medical . . . claim shall be commenced within one year after the cause of action accrued."  Section (E)(3) defines a "medical claim" as (1) "any claim that is asserted in any civil action against a physician, . . . hospital, . . ., against any employee or agent of a physician . . ." and (2) "that

6

(4:22CV1936)

arises out of the medical diagnosis, care, or treatment of any person." Ohio Rev. Code § 2305.113(E)(3).

The Court previously determined that "denying Plaintiffs wheelchair cushions constitutes an omission in providing medical care pursuant to Ohio Rev. Code Ann. § 2305.113(E)(3)." ECF No. 36 at PageID #: 165 (4:22-cv-1936); ECF No. 28 at PageID #: 170 (4:23-cv-43). Accordingly, the Court addresses only whether CoreCivic, Inc. is a medical provider pursuant to Ohio Rev. Code § 2305.113(E)(3).

### 1. Medical Provider

Defendant argues that CoreCivic, Inc. is a medical provider because it is responsible for providing medical services to inmates. ECF No. 41 at PageID #: 187 (4:22-cv-1936). Plaintiffs respond that CoreCivic, Inc. is not an "[Ohio Rev. Code]§2305.113(E)(3)-delineated 'medical provider.'" ECF No. 46 at PageID #: 1050 (4:22-cv-1936).

Ohio Rev. Code § 2305.113(E)(1) defines a "hospital" as "any person, corporation, . . ., or authority that is responsible for the operation of any clinic that employs a full-time staff of physicians in more than one recognized medical specialty and rendering advice, diagnosis, care, and treatment to individuals."

Defendant provides a declaration by A. Hiner, NEOCC's Assistant Health Services Administrator attesting that:

> Pursuant to the contract with ODRC, CoreCivic is responsible for providing medical services 24 hours a day, seven days a week to inmate residents. A clinic is operated for sick call, scheduled appointments, and emergencies. The medical department at NEOCC consists of 60-70 medical, dental, and mental health professionals and two medical clinics within NEOCC that employ a full-time staff of physicians practicing in multiple specialties and who render advice, diagnosis, care, and treatment to NEOCC inmates.

7

(4:22CV1936)

ECF No. 41-5 at ¶ 8 (4:22-cv-1936).  Defendant also provides evidence that "[t]he medical department is staffed by nurses and doctors who are licensed by the State of Ohio to practice nursing, and are supervised by a Health Care Administrator."  ECF No. 41-8 at PageID #: 1007 (4:22-cv-1936).

Because Defendant uses this evidence to make a properly supported motion, the burden shifts to Plaintiffs to demonstrate the existence of a genuine dispute of material fact.  Plaintiffs fail to provide evidence that CoreCivic, Inc. is not a medical provider pursuant to Ohio Rev. Code § 2305.113(E)(3).

Neither Plaintiffs point the Court to caselaw to support the assertion that a claim brought against an entity, which satisfies the definition of a medical provider, but is not expressly listed in Ohio Rev. Code § 2305.113(E)(3), cannot be a medical claim.  The Court is aware of only one case that rests on such an assertion.  *See Lacy v. Corrections Corp. of America*, No. 1:14 CV 2347, 2015 WL 1564954 at *5 (N.D. Ohio Apr. 8, 2015) ("CCA is not a medical provider as defined by the statute.").  The court in *Lacy* addressed a motion to dismiss.  Additionally, *Lacy* relies on Ohio cases in which the evidence did not establish that the Ohio Department of Rehabilitation and Corrections satisfied the definition of a medical provider.  *Id.* (citing *Johnson v. Ohio Dept. of Rehab. & Corr.*, No. 06AP-196, 2006 WL 3517998 (Ohio App. 10 Dist. 2006); *Franks v. Ohio Dept. of Rehab & Corr.*, 958 N.E.2d 1253, 1257 (Ohio App. 10 Dist. 2011)).

With no evidence or argument to refute Defendant's evidence, the Court finds that there is no genuine dispute about CoreCivic, Inc.'s status as a hospital, pursuant to Ohio Rev. Code § 2305.113(E)(1).  Because CoreCivic, Inc. is a hospital and Plaintiffs' claims arise from medical treatment, Plaintiffs bring medical claims, which are subject to the one-year statute of limitations provided in Ohio Rev. Code § 2305.113(A).

(4:22CV1936)

### 2. Statute of Limitations

Ohio Rev. Code § 2305.113(A) states: "[e]xcept as otherwise provided in this section, an action upon a medical, dental, optometric, or chiropractic claim shall be commenced within one year after the cause of action accrued."

#### a. Plaintiff Murphy

Murphy alleges that CoreCivic, Inc. personnel negligently failed to provide him with a substitute wheelchair cushion until April 6, 2021.  ECF No. 23 at PageID #: 93–94 (4:22-cv-1936).  Accordingly, his cause of action accrued on April 6, 2021, and he had until April 6, 2022, to file this action.  Murphy failed to file within the statute of limitations when he filed this action on September 27, 2022.  ECF No. 1-1 at PageID #: 8 (4:22-cv-1936).

#### b. Plaintiff Huffman

Huffman alleges that personnel negligently failed to provide him with a substitute wheelchair cushion until September 12, 2020.  ECF No. 8 at PageID #: 70–71 (4:23-cv-43).  Accordingly, his cause of action accrued on September 12, 2020, and he had until September 12, 2021 to file this action.  He failed to file within the statute of limitations when he filed this action on March 11, 2022.  ECF No. 1-1 at PageID #: 10 (4:23-cv-43).

Neither Murphy nor Huffman allege that the circumstances in Ohio Rev. Code § 2305.113(B)–(D) apply to toll the statute of limitations.  Accordingly, Plaintiffs' medical negligence claims are time-barred.

### V.    Conclusion

Viewing all evidence and reasonable inferences drawn therefrom in the light most favorable to Plaintiffs, the Court concludes that there is no genuine issue of material fact and

9

(4:22CV1936)

Defendant CoreCivic, Inc. is entitled to judgment as a matter of law.  For the foregoing reasons,

Defendant's motion for summary judgment (ECF No. 41) is granted.


      IT IS SO ORDERED.


May 17, 2024                                 */s/ Benita Y. Pearson*

Date                                        Benita Y. Pearson

                                                  United States District Judge